JERRY DALE DUFFEY,                     )
                                       )
          Plaintiff/Appellant,         )          Appeal No.
                                       )          01-A-01-9607-CH-00324
v.                                     )
                                       )          Marshall County
WILLIAM CHARLES LEE, et al,            )          No.     9795
                                       )
          Defendants/Appellees.        )

FILED

April 25, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR MARSHALL  COUNTY

AT LEWISBURG, TENNESSEE

THE HONORABLE LEE RUSSELL, CHANCELLOR

JERRY DALE DUFFEY, Pro Se
NCSC 7466 Centennial Blvd.
Nashville, Tennessee  37209-1052


CHARLES W. BURSON
Attorney General & Reporter

MARK H. CHEN
Civil Rights & Claims Division
Cordell Hull Building, 2nd Floor
Nashville, Tennessee  37243-0488
          ATTORNEYS FOR DEFENDANTS/APPELLEES

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

## MEMORANDUM OPINION[1]

This is an appeal by plaintiff/appellant, Jerry Dale Duffey, from the chancery court's judgment dismissing his complaint against Defendants. The facts out of which this matter arose are as follows.

Plaintiff was indicted on thirty-one counts of theft of property by fraud and/or deceit. After all was said and done, Plaintiff was convicted on twenty-four of the counts and was sentences to fourteen years and one month. The Court of Criminal Appeals affirmed the conviction.

On 30 May 1996, Plaintiff filed a complaint naming numerous defendants. [2] Plaintiff sought to recover civil damages for violations of his civil rights. Defendants filed a motion to stay the issuance of summons pending a hearing on whether the lawsuit was "vexatious and abusive." The chancery court granted the motion and set a hearing date. After the hearing, the court found Plaintiff's claims were frivolous and malicious and dismissed the complaint pursuant to Tennessee Code Annotated section 41-21-804(a)(2). Plaintiff filed a timely notice of appeal.

There is no transcript or statement of the evidence filed or made a part of the record on appeal. It is a well settled rule in this state that when there is no transcript of the evidence courts will conclusively presume on appeal that the findings of fact made by the trial court are supported by the evidence heard in that court. Thus, this court must accept the trial court's findings of fact as true. ***Rockwell v. Arthur,*** 673 S.W.2d 512, 516 (Tenn. App. 1983).

A court may dismiss an inmate's lawsuit if the court finds the claim is frivolous or malicious. Tenn. Code Ann. § 41-21-804(a)(2) (Supp. 1996). "In determining whether a claim is frivolous or malicious under subsection (a), the court

---

[1]Court of Appeals Rule 10(b):
The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]The complaint alleged eleven government officials conspired with forty-nine private citizens to bring false criminal charges against Plaintiff. All persons were named as defendants as was Marshall County, Tennessee.

may consider whether or not: 1) The claim has a chance of success; 2) The claim has a basis in law and in fact; and 3) The claim is substantially similar to a previous claim filed by the inmate in that the present claim arises from the same operative facts." *Id.* § 41-21-804(b).

Here, the trial court conducted the statutory hearing and found Plaintiff's claim "does not have a chance of success and has no basis in fact or in law." The court further found the claim was "frivolous and malicious and amounts to no more than an effort by the Plaintiff to seek revenge on those individuals who have in some way contributed to his lawful conviction on criminal charges." We must presume these findings are correct in the absence of a transcript or statement of the evidence.

Therefore, it results that the judgment of the trial court in dismissing Plaintiff's complaint is affirmed with costs assessed to the plaintiff/appellant, Jerry Dale Duffey. The cause is remanded to the trial court for any further necessary proceedings.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
BEN H. CANTRELL, J.